# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RUFUS L. GARRISON, JR., | : |
| Plaintiff, | : |
| v. | : CASE NO. 7:16-CV-159-HL-TQL |
| SHIRLEY LEWIS, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is *pro se* Plaintiff Rufus L. Garrison, Jr.'s motion for leave to appeal *in forma pauperis* from the Court's September 24, 2018 Order and Judgment adopting the recommendation of the United States Magistrate Judge to grant Defendant Lewis's supplemental motion for summary judgment and dismissing this case. For the following reasons, the Court **DENIES** Plaintiff's motion (ECF No. 44).

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff states in his motion to proceed *in forma pauperis* that he seeks to challenge the Court's decisions to dismiss his § 1983 claims "before allowing [Plaintiff] to proceed with discovery under Rule 16/26." Mot. Proceed IFP 1, ECF No. 44. Upon reviewing Plaintiff's motion and the record, the Court finds no issues of arguable merit for appeal. Plaintiff has not shown that he seeks review of any non-frivolous issue, and his appeal is therefore not brought in good faith. Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 44) is accordingly **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately,

he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

      **SO ORDERED**, this 6th day of November, 2018.

                                *s/ Hugh Lawson*_____
                                HUGH LAWSON, SENIOR JUDGE